```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
```
08 CV 4971



                    Plaintiff,

      -against-

HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT,

                  Defendant-Petitioner.



Civil Action No.:
08-CV-
NOTICE OF REMOVAL
Supreme Court of N.Y.
Index No. 1285/08

----------------------------------------X

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

    Defendant-Petitioner, HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT ("Petitioner"), by its attorneys, Simmons, Jannace, & Stagg, L.L.P., upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

    1.  On or about April 25, 2008, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Putnam. A trial has not yet been had therein. A copy of the Summons and Verified Complaint is annexed as **Exhibit "A"**. Petitioner has not yet served an answer to Plaintiff's Verified Complaint.

    2.  The action seeks monetary damages allegedly suffered by plaintiff, JOSEPH BELLINO, allegedly caused by Petitioner. Plaintiff's Verified Complaint sounds in negligence and breach of warranty.

3. The action involves a controversy between citizens of different states, in that: (a) Plaintiff is a citizen of the State of New York; (b) Petitioner, HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT, is now, and was at the time the action was commenced, incorporated pursuant to the laws of the State of Delaware with its principal place of business in Georgia.

4. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1331. There is complete diversity between petitioner and plaintiff. In addition, upon information and belief, the amount in controversy exceeds $75,000.

5. This Notice of Removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Verified Complaint.

6. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

7. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Putnam, promptly after the filing of this Notice.

8. Attached to this Notice of Removal, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

9. By filing this Notice of Removal, Petitioner does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam*

jurisdiction over Petitioner, improper service of process and the absence or inconvenience of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, Petitioner prays that the above-captioned action now pending in the Supreme Court of the State of New York, County of Putnam,, be removed therefrom to this Court.

Dated:    Syosset, New York
          May 27, 2008

                                        Yours, etc.,

                                        SIMMONS, JANNACE & STAGG, L.L.P.

                                        By _____
                                        ALLISON C. LEIBOWITZ (al 1316)
                                        Attorneys for Defendant/Petitioner
                                        HOME DEPOT U.S.A., INC. d/b/a
                                        HOME DEPOT
                                        **Office & P.O. Address:**
                                        75 Jackson Avenue
                                        Syosset, New York  11791-3139
                                        (516) 357-8100

TO:    SULLIVAN, PAPAIN, BLOCK, MCGRATH
       & CANNAVO, P.C.
       Attorneys for Plaintiff
       JOSEPH BELLINO
       **Office & P.O. Address:**
       55 Mineola Boulevard
       Mineola, New York 11501
       (516) 742-0707

Notice Removal

3

**Exhibit A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

JOSEPH BELLINO,

           Plaintiff(s),

-against-

HOME DEPOT USA, INC. d/b/a HOME DEPOT,

           Defendant(s).

Index No. 1048/08

Plaintiff(s) designate(s) Putnam County as the place of trial.

**SUMMONS**

The basis of venue is: Plaintiff's residence

Plaintiff(s) reside(s) at: 43 Valhalla Road, Carmel, NY 10512

County of PUTNAM

**To the above named Defendant(s)**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    Mineola, New York
          April 11, 2008

                                    SULLIVAN PAPAIN BLOCK
                                    McGRATH & CANNAVO PC.

                                    By: _____
                                    Jeffrey B. Bromfeld
                                    Attorneys for Plaintiff
                                    Office and P.O. Address
                                    55 Mineola Boulevard
                                    Mineola, New York 10271
                                    (516) 742-0707

Defendant(s) address(es):

HOME DEPOT USA INC.
C/o Corporate Service Company
80 State Street
Albany, NY 11207-2543

FILED WITH THE CLERK OF THE COURT ON    4-25-08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM
------------------------------------------------------------X
JOSEPH BELLINO

                           Plaintiff(s),                      Index No. 1048/08

                           -against-

HOME DEPOT USA, INC. d/b/a HOME DEPOT,        **VERIFIED COMPLAINT**

                           Defendant(s)
------------------------------------------------------------X

       Plaintiff, by his attorneys, SULLIVAN PAPAIN BLOCK McGRATH & CANNAVO, P.C., complaining of the defendant alleges the following upon information and belief:

       1.      On or about April 18, 2007, defendant, HOME DEPOT USA, INC. d/b/a HOME DEPOT, ("hereinafter HOME DEPOT"), was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

       2.      On or about April 18, 2007, defendant, HOME DEPOT was a foreign business corporation conducting business in the State of New York.

       3.      On or about April 18, 2007, defendant, HOME DEPOT was a foreign business corporation conducting business in the State of New York pursuant to the laws of the State of New York.

       4.      On April 18, 2007, defendant, HOME DEPOT conducted business in the State of Connecticut at the Home Depot located at 114 Federal Road, Danbury, Connecticut 06810 also known at Store #6209.

5. On April 18, 2007, defendant, HOME DEPOT, had on file with the Secretary of State of New York as service of process address, c/o Corporation Service Company, 80 State Street, Albany, New York 11207-2543.

6. On April 18, 2007, defendant, HOME DEPOT owned the property and premises located at 114 Federal Road, Danbury, Ct. 06810 also known as Store # 6209.

7. On April 18, 2007, defendant, HOME DEPOT controlled the property and premises located at 114 Federal Road, Danbury, Ct. 06810 also known as Store # 6209.

8. On April 18, 2007, defendant, HOME DEPOT operated the property and premises located at 114 Federal Road, Danbury, Ct. 06810 also known as Store # 6209.

9. On April 18, 2007, defendant, HOME DEPOT maintained property and premises located at 114 Federal Road, Danbury, Ct. 06810 also known as Store # 6209.

10. On April 18, 2007, defendant, HOME DEPOT managed property and premises located at 114 Federal Road, Danbury, Ct. 06810 also known as Store # 6209.

11. On April 18, 2007, defendant, HOME DEPOT conducted business out of the aforementioned property and premises.

12. On April 18, 2007, defendant, HOME DEPOT operated a business out of the aforementioned property and premises that was open to the public including the plaintiff herein.

13. On April 18, 2007, plaintiff purchased an assembled barbeque at the defendant's property and premises.

14. On April 18, 2007, defendant, HOME DEPOT, made available to the public including the plaintiff herein flatbed trucks to rent, in order to transport purchases made at the defendant's store.

15. On April 18, 2007, defendant, HOME DEPOT, rented the plaintiff herein a flatbed truck.

16. On April 18, 2007, defendant, HOME DEPOT, rented the plaintiff herein a Ford F350 flatbed truck.

17. On April 18, 2007, defendant, HOME DEPOT, owned the aforementioned flatbed truck.

18. On April 18, 2007, defendant, HOME DEPOT, maintained the aforementioned flatbed truck.

19. On April 18, 2007, defendant, HOME DEPOT, controlled the aforementioned flatbed truck.

20. On April 18, 2007, defendant, HOME DEPOT, operated the aforementioned flatbed truck.

21. On April 18, 2007, prior to renting the aforementioned vehicle, defendant, HOME DEPOT, its agents, servants and/or employees, inspected said vehicle including the flatbed portion of the vehicle.

22. On April 18, 2007, after renting the aforementioned vehicle, but prior to Plaintiff taking possession, defendant HOME DEPOT, it agents, servants, and/or employees, inspected the aforementioned truck including the flatbed portion of the vehicle..

23. On April 18, 2007, plaintiff, JOSEPH BELLINO was lawfully at the aforementioned premises.

24. On April 18, 2007, plaintiff, JOSEPH BELLINO was lawfully on the flatbed portion of the aforementioned flatbed truck.

25. On April 18, 2007, plaintiff, JOSEPH BELLINO while attempting to secure the aforementioned barbeque for transport, was caused to fall and/or was precipitated to the ground due to debris/pea gravel/dust that was on the flatbed portion of the aforementioned truck.

26. As a result of the foregoing, plaintiff, JOSEPH BELLINO was injured.

27. As a result of the foregoing, plaintiff, JOSEPH BELLINO was seriously injured.

28. That as a result of the foregoing plaintiff, JOSEPH BELLINO, sustained great bodily injuries with accompanying pain; was rendered sick, sore, lame and disabled and sustained injuries of a permanent and lasting nature; was and may be obliged to expend and incur large sums of money for medical aid and attention in his endeavor to cure himself from the injuries he sustained and was and continues to be incapacitated from attending to his usual occupation and activities.

29. That the plaintiff, JOSEPH BELLINO sustained a serious injury and/or economic loss greater than basic economic loss as defined in Article 51 of the Insurance Law of the State of New York.

30. That the aforementioned occurrence and injuries resulted there from were caused by the negligence, carelessness and recklessness of the defendants, their agents, servants, lessees and/or employees in the ownership, operation, maintenance, management and control of the aforementioned location and vehicle.

31. That the limitations on liability set forth in CPLR §1601 do not apply.

32. That the limitations set forth in CPLR §1601 do not apply by reason of one or more of the exemptions set forth in CPLR §1602.

33. By reason of the foregoing, plaintiff, JOSEPH BELLINO has been damaged in a sum of money exceeding the jurisdictional limits of all lower Courts, to be determined by a jury at the time of Trial.

**WHEREFORE**, plaintiff, JOSEPH BELLINO, demands judgment against the defendants in a sum of money, which exceeds the jurisdictional limits of all lower Courts together with interest, costs and disbursements of this Action.

Dated: Mineola, New York
April 11, 2008

                                          Yours, etc.,

                                          SULLIVAN PAPAIN BLOCK
                                          McGRATH & CANNAVO P.C.

                                          By: _____
                                                Jeffrey B. Bromfeld
                                          Attorneys for Plaintiff(s)
                                          55 Mineola Boulevard
                                          Mineola, New York 11501
                                          (516) 742-0707

## VERIFICATION

Jeffrey B. Bromfeld, an attorney duly admitted to practice in the State of New York, affirms the following under penalties of perjury:

I am a member/associate of the law firm of SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C., attorneys for the plaintiff(s) in the above entitled action. I have read the foregoing Summons and Complaint and know the contents thereof, and upon information and belief affirmant believes the matters alleged therein to be true.

The reason this Verification is made by the affirmant and not by plaintiff(s) is that the plaintiff(s) reside(s) outside the county wherein I maintain my offices.

Dated: Mineola, New York
April 15, 2008

Jeffrey B. Bromfeld

STATE OF NEW YORK, COUNTY OF                                ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ **Attorney's Certification** — certify that the annexed has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Affirmation** — say that: I am the attorney of record, or of counsel with the attorney(s) of record, for                    . I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                    is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

.................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                ss:
                                                                                                  being sworn says: I am

☐ **Individual Verification** — in the action herein; I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

☐ **Corporate Verification** — the                    of                    a corporation, one of the parties to the action; I have read the annexed know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                    , 20

.................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                ss:
                                                                        being sworn says: I am not a party to the action, am over 18 years of age and reside at
    On                    , 20   , I served a true copy of the annexed
                         in the following manner:

☐ **Service by Mail** — by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Personal Service** — by delivering the same personally to the persons at the address indicated below:

☐ **Service by Facsimile** — by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐ **Service by Electronic Means** — by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter heading that the matter being transmitted electronically is related to a court proceeding:

☐ **Overnight Delivery Service** — by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                    , 20

.................................................................

.................................................................
*(Print signer's name below signature)*

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.

ALL-STATE LEGAL®
07181-BF · 07182-BL · 07183-GY · 07184-WH
800.222.0510 www.aslegal.com

Index No.                    Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF PUTNAM

JOSEPH BELLINO

                                        Plaintiff(s),

                     -against-

HOME DEPOT USA INC. d/b/a HOME DEPOT,
                                        Defendant(s).

## SUMMONS AND COMPLAINT

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.
Attorneys for

55 MINEOLA BOULEVARD
MINEOLA, NEW YORK 11501
(516) 742-0707

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

Dated: .............................        Signature ..................................................

                                             Print Signer's Name ..........................

*Service of a copy of the within*                                *is hereby admitted.*

Dated:

                                             ..................................................
                                             Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the Office of the clerk of the within-named Court on        20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon.
                                      , one of the judges of the within-named Court,
at
on                         20      , at          M.

Dated:

SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C.
Attorneys for

To:                          55 MINEOLA BOULEVARD
                             MINEOLA, NEW YORK 11501

Attorney(s) for